No. 12-787-cv
49 WB, LLC, v. Village of Haverstraw

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
      CHESTER J. STRAUB,
      PETER W. HALL,
      CHRISTOPHER F. DRONEY,

           *Circuit Judges.*

_____

49 WB, LLC,

           *Plaintiff-Appellant,*

    v.                       12-787-cv

Village of Haverstraw,
Village of Haverstraw Board of Trustees,
Trustee Francis J. "Bud" Wassmer,
Trustee Francisco Batista,
Trustee Rafael Bueno,
Trustee Michael Kohut,
Trustee Evelyn Rodriguez,
John Doe, Jane Doe 1–20,

           *Defendants-Appellees.*

_____

1

FOR APPELLANT:        MARY MARZOLLA (J. David MacCartney, Jr., *on the brief*),
                      Feerick Lynch MacCartney, PLLC, South Nyack, New York.

FOR APPELLEE:         MICHAEL A. MIRANDA, Miranda Sambursky Slone Sklarin
                      Verveniotis LLP, Mineola, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant 49 WB, LLC ("Plaintiff") appeals from the district court's decision, entered on February 7, 2012, granting summary judgment for the Defendants-Appellees, denying Plaintiff's cross-motion for partial summary judgment as to liability, and dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the grant or denial of a motion for summary judgment *de novo*. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). We resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment was sought, then we must conclude summary judgment was improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Plaintiff argues, based on the Appellate Division's determination regarding the attempted condemnation of Plaintiff's property, that collateral estoppel required the district court to grant summary judgment on the issue of whether the Defendants acted irrationally and in violation of Plaintiff's substantive due process rights. We disagree. "Collateral estoppel is permissible as to

2

a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (internal quotation marks omitted). We need look only to the first element to dispose of Plaintiff's argument.

Plaintiff asserts that the Appellate Division's finding of an "irrational" public purpose in its annulment of Defendants' condemnation attempt is the same finding required for Plaintiff to prove its substantive due process rights were violated. This is simply incorrect. To show that Defendants' condemnation of the property at issue rises to the level of a substantive due process violation, Plaintiff must show that (1) it had "a valid property interest" (which is not challenged here), and that (2) the "defendants infringed on the property right in an arbitrary or irrational manner." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 784 (2d Cir. 2007). "For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary and outrageous.'" *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999). These labels are associated with "racial animus" or "fundamental procedural irregularity," for example. *Id.* (internal quotation marks omitted) Our *de novo* review of the record demonstrates no genuine issue of fact as to whether the Defendants' actions, viewed as a whole, were arbitrary or irrational. Indeed, notwithstanding its finding that the Village's public purpose for the condemnation was irrational, the Appellate Division concluded that there was no evidence of bad faith, noting that "mere allegations of bad faith and suspicious timing, such as those alleged by 49 WB here, do not suffice." *49 WB, LLC v. Village of Haverstraw*, 44 A.D.3d 226, 239 (N.Y. App. Div. 2007). Indeed, the Appellate

3

Division also found that Village's procedures "honored the parties' rights to notice and due process, were within the Village's eminent domain jurisdiction, and followed the statutory procedures of EDPL article 2." *Id.* at 240.

Furthermore, the Appellate Division's review of the condemnation's "rationality" was more circumscribed than that of a constitutional inquiry, considering only "whether there exist[ed] a rational factual basis" for the condemnation and "whether the procedural requirements" were met. *See Greenwich Assocs. v. Metro. Transp. Auth.*, 152 A.D.2d 216, 219 (N.Y. App. Div. 1989). This includes whether there was a valid public use, the "public versus private benefits to be realized from the taking," and "the condemnor's good versus bad faith." *49 WB, LLC*, 44 A.D.3d at 238. Because the state court concluded the Defendants showed no bad faith, the remainder of the state court inquiry is substantially dissimilar from an inquiry into whether the Defendants' conduct violated Plaintiff's substantive due process rights. Thus, contrary to Plaintiff's argument, a mere determination that there is no rational relationship between the condemnation and a valid public purpose is simply not the equivalent of a showing that the condemnation is arbitrary, capricious, or in bad faith such that it rises to a substantive due process violation under the U.S. Constitution. Although the Defendants violated New York law, neither the Appellate Division's findings in this regard nor Plaintiff's evidence before the district court show that Defendants violated the Plaintiff's substantive due process rights.

We have considered all of Plaintiff's other arguments and found each of them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4